■ In the Matter of SATIRO KAZOLIAS, Appellant, v. ROBERT E. STEVENS et al., Constituting the Board of Elections of the County of Dutchess, et al., Respondents.— In a proceeding to invalidate a certificate of nomination of respondent Leonard T. Heybruk as a candidate of the Democratic Party for the public office of Supervisor of the Town of Poughkeepsie, Dutchess County, in the general election to be held on November 4, 1969, the appeal is from a judgment of the Supreme Court, Dutchess County, dated October 14, 1969, which denied the application and dismissed the petition in the proceeding. Judgment affirmed, without costs. No opinion. Beldock, P. J., Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ In the Matter of SATIRO KAZOLIAS, Appellant, v. ROBERT E. STEVENS et al., Constituting the Board of Elections of the County of Dutchess, et al., Respondents.— In a proceeding to invalidate a certificate of nomination of respondent Leonard T. Heybruk as a candidate of the Conservative Party for the public office of Supervisor of the Town of Poughkeepsie, Dutchess County, in the general election to be held on November 4, 1969, the appeal is from a judgment of the Supreme Court, Dutchess County, dated October 14, 1969, which denied the application and dismissed the petition in the proceeding. Judgment affirmed, without costs. No opinion. Beldock, P. J., Benjamin, Martuscello and Kleinfeld, JJ., concur.

## (October 27, 1969)

■ In the Matter of the COUNTY OF NASSAU, Appellant, Relative to Acquiring Title to Real Property for Drainage Purposes on the West Side of Willis Avenue between Center Street and Hawthorne Street in Connection with Storm Water Basin No. 127, Inc., Village of Williston Park. WILLIAM F. CHATLOS, Respondent.— In a condemnation proceeding, the condemnor appeals from an order of the Supreme Court, Nassau County, entered February 6, 1969, which granted a claimant's motion for an open commission to take his deposition in Florida. Appeal dismissed, with $10 costs and disbursements. The order is an intermediate order and therefore is not appealable (Nassau County Administrative Code, § 11–57.0, L. 1939, ch. 272, as amd.; *Matter of Board of Educ. of Union Free School Dist. No. 1 [Phipps]*, 2 A D 2d 895; cf. *Matter of Town of Huntington [Lambert-Bd. of Trustees of Town of Huntington]*; 25 A D 2d 537; *Great Neck Water Auth.* v. *Citizens Water Supply Co. of Newtown*, 12 N Y 2d 167). We have, however, considered the merits, and would affirm the order were we not dismissing the appeal. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.